UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SERIES 21-12-1644, A DESIGNATED SERIES OF MSP RECOVERY CLAIMS, SERIES LLC, SERIES 17-03-615, A DESIGNATED SERIES OF MSP RECOVERY CLAIMS, SERIES LLC, SERIES 17-04-631, A DESIGNATED SERIES OF MSP RECOVERY CLAIMS, SERIES LLC, SERIES 23-05-1945, A DESIGNATED SERIES OF MSP RECOVERY CLAIMS, SERIES LLC, SERIES 16-08-483, A DESIGNATED SERIES OF MSP RECOVERY CLAIMS, SERIES LLC, SERIES 15-09-157, A DESIGNATED SERIES OF MSP RECOVERY CLAIMS, SERIES LLC, SERIES 15-09-355, A DESIGNATED SERIES OF MSP RECOVERY CLAIMS, SERIES LLC and SERIES 16-11-509, A DESIGNATED SERIES OF MSP RECOVERY CLAIMS, SERIES LLC,**

        Plaintiffs,

v.                                    Case No: 6:24-cv-1213-PGB-RMN

**NOVARTIS PHARMACEUTICALS CORPORATION, EXPRESS SCRIPTS, INC., EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES, INC., CURASCRIPT, INC., PRIORITY HEALTHCARE**

**DISTRIBUTION, INC.,
ACCREDO HEALTH GROUP,
THE ASSISTANCE FUND, INC.,
2 NATIONAL ORGANIZATION
FOR RARE DISORDERS, INC.
and CHRONIC DISEASE FUND,
INC.,**

        **Defendants.**
_____/

## ORDER

This cause comes before the Court on Plaintiffs' Motion for Leave to Amend Complaint (Doc. 111 (the "**Motion**")), and Defendants' response thereto (Doc. 112 (the "**Response**")).

On July 1, 2024, Plaintiffs initiated this class action against Defendants, "alleging a conspiratorial scheme to artificially inflate the price and volume of the Novartis' drugs—Gilenya and Afinitor—through various unlawful methods." (*See* Doc. 1 (the "**Complaint**"); Doc. 111, p. 3). Defendants filed a Consolidated Motion to Dismiss (Doc. 88 (the "**Motion to Dismiss**")) on October 28, 2024, and Plaintiffs filed a response thereto on January 10, 2025 (Doc. 104). Pursuant to the Court's Case Management and Scheduling Order (Doc. 91 (the "**CMSO**")), the deadline for amended pleadings was December 23, 2024.

Ultimately, on April 22, 2025, Plaintiffs filed the instant Motion, seeking to amend the Complaint to remove the class allegations. (Doc. 111). In the Response, Defendants do not oppose the removal of the class allegations. (Doc. 112, p. 1). Defendants, however, contend that "there is no reason to amend the complaint

before the Court resolves the pending" Motion to Dismiss. (*Id.* at p. 2). Accordingly, Defendants request the Court grant their Motion to Dismiss with prejudice and deny the instant Motion as moot. (*Id.* at p. 3). Alternatively, should the Court allow Plaintiffs to amend the Complaint, Defendants request the Court construe their pending Motion to Dismiss as being directed to the amended complaint. (*Id.*).

Upon consideration of the relevant circumstances, Plaintiffs shall file an amended complaint reflecting the removal of the class allegations.[1] *See Laurie v. Ala. Ct. of Crim. Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001) ("The decision whether to grant leave to amend a complaint is within the sole discretion of the district court."); FED. R. CIV. P. 15(a)(2). Contrary to the parties' assertions, ruling on the Motion to Dismiss related to a Complaint that contains moot allegations would hinder, rather than promote, judicial economy.

Therefore, Plaintiffs' Motion for Leave to Amend Complaint (Doc. 111) is **GRANTED**, and Defendants' Motion to Dismiss (Doc. 88) is **FOUND AS MOOT**. On or before **May 13, 2025**, Plaintiffs shall file an amended complaint in compliance with this Order and all applicable rules and law.[2] Failure to timely comply with this Order may result in the dismissal of this action without further notice.

---

[1] In the amended complaint, Plaintiffs shall omit all references to the class and the class allegations. (*See* Doc. 112, p. 2).

[2] If applicable, the parties may proceed with the consolidated briefing set forth in Doc. 78 and Doc. 93.

**DONE AND ORDERED** in Orlando, Florida on May 6, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties