| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>MIDDLE DISTRICT OF FLORIDA<br>ORLANDO DIVISION ||
| SERIES 21-12-1644, A DESIGNATED SERIES OF MSP RECOVERY CLAIMS, SERIES LLC, ET AL.,<br><br>    Plaintiffs,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION, ET AL.,<br><br>    Defendants. | Case No. 6:24-cv-1213-PGB-RMN |

**DEFENDANTS' UNOPPOSED, TIME-SENSITIVE MOTION TO STAY DEADLINES PENDING DECISION ON MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Defendants Express Scripts, Inc., Express Scripts Specialty Distribution Services, Inc., Accredo Health Group, Inc., Curascript, Inc., Priority Health Care Distribution, Inc., Novartis Pharmaceuticals Corporation, and Chronic Disease Fund, Inc. (collectively, "Defendants") respectfully move to stay the deadline of December 1, 2025 for filing dispositive motions and *Daubert* motions and all subsequent deadlines under the Case Management Order and Scheduling Order (ECF No. 91) until the Court issues an order on the pending consolidated motion to dismiss (ECF No. 119). Filing dispositive motions while the motion to dismiss remains pending would require Defendants to re-raise the arguments developed in their motion to dismiss. The Court's decision on the motion to dismiss would narrow the issues to be decided at summary judgment, likely significantly, or could even resolve this case entirely. Postponing summary judgment briefing until the Court adjudicates the motion to

dismiss would thus conserve judicial and party resources. Defendants respectfully request a ruling by November 12—approximately three weeks before the deadline for dispositive motions, and five days before the deadline for the parties to create a Stipulation of Agreed Material Facts (ECF No. 91, § II.H.1)—or as soon thereafter as is practicable for the Court, in order to minimize the duplicative labor that preparing to move for summary judgment by December 1 would require.

I.  **BACKGROUND**

Plaintiffs (collectively, "MSP") initiated this action by filing a 171-page complaint on July 1, 2024. ECF No. 1. The complaint asserts claims under RICO and the statutes and common law of ten states, based on allegations related to donations to charitable organizations that help patients afford co-payments for prescription medications. MSP contends that it acquired its "claims" from an ill-defined group of various "Assignors." MSP has filed materially indistinguishable complaints across the country asserting materially identical claims, and all but one of the many courts to consider motions to dismiss these carbon-copy complaints have dismissed MSP's claims in full. *See, e.g.*, *Series 17-03-615 v. Teva Pharms. USA, Inc.*, 785 F. Supp. 3d 904 (D. Kan. 2025); *MSP Recovery Claims, Series LLC v. Jazz Pharms., PLC*, 2024 WL 3511635 (N.D. Cal. July 22, 2024); *MSP Recovery Claims, Series LLC v. Celgene Corp.*, 2024 WL 2861865 (D.N.J. June 6, 2024). This tsunami includes district courts dismissing repeatedly amended complaints with prejudice. *See, e.g.*, *MSP Recovery Claims, Series LLC v. Pfizer, Inc.*, 2023 WL 2770432 (D.D.C. Apr. 4, 2023) (dismissing complaint); *MSP Recovery Claims, Series LLC v. Pfizer, Inc.*, 728 F. Supp. 3d 89 (D.D.C.

2

2024) (dismissing amended complaint); *MSP Recovery Claims, Series LLC v. Pfizer, Inc.*, 2025 WL 689180 (D.D.C. Mar. 4, 2025) (dismissing further amended complaint with prejudice). These dismissals have been upheld on appeal. *See, e.g.*, *MSP Recovery Claims, Series LLC v. Lundbeck LLC*, 130 F.4th 91 (4th Cir. 2025).

On October 30, 2024, Defendants filed a consolidated motion to dismiss the complaint here on the independent grounds that: (1) MSP lacks Article III standing because it fails to identify an injury-in-fact allegedly suffered by the Assignors that is traceable to Defendants' conduct; (2) even if MSP's Assignors had standing, MSP itself still would not because its claims are not assignable; (3) MSP's claims are barred by applicable statutes of limitations; (4) MSP's RICO claims are legally deficient; (5) absent MSP's faulty federal RICO claims, there is no federal supplemental jurisdiction over their tagalong state law claims; and (6) the FAC is an impermissible shotgun pleading. ECF No. 88. A few weeks later, Defendants filed an unopposed motion to stay discovery pending resolution of the motion to dismiss, ECF No. 96, and the Court denied the motion, ECF No. 97. MSP opposed Defendants' consolidated motion to dismiss on January 10, 2025. ECF No. 104.

On April 22, 2025, MSP moved to amend its original complaint solely to drop the class allegations in that complaint. ECF No. 111. The Court granted that motion and accordingly found Defendants' original motion to dismiss to be moot. ECF No. 114. On May 13, 2025, MSP filed the operative 164-page First Amended Complaint ("FAC"), attaching 338 pages of exhibits. ECF Nos. 115-116. The FAC, as noted, drops the class allegations from the original complaint but does not substantively

depart from the original complaint in any other way. Defendants accordingly responded to the FAC by promptly filing another consolidated motion to dismiss, reiterating the arguments asserted in their initial motion, on May 27, 2025. ECF No. 119. MSP opposed that motion on July 1, 2025. ECF No. 122.

Defendants have thus maintained the same arguments for why MSP's claims fail as a matter of law for more than a year, but the Court has not yet had the opportunity to address those arguments. The consolidated motion to dismiss the FAC has been fully submitted since July 1, 2025, and remains pending. The Court has not yet decided whether MSP has stated even a single viable claim for relief—or even if MSP has sufficiently alleged that it has been assigned any of the claims at issue. Because the sufficiency of MSP's complaint has not yet been resolved, Defendants have not yet been required to file answers or plead affirmative defenses.

Nonetheless, over the last year, the parties have engaged in discovery and are on track to complete discovery in full this month. On October 28, 2025, the Court ordered a narrow extension of the close of discovery from November 3 to November 21, "solely as to the previously noted, timely-served Rule 30(b)(6) depositions" that had not yet been taken. ECF No. 179. The November 3 deadline for all other discovery has now passed. Defendants do not request any alternation of discovery deadlines and look forward to completing discovery.

Pursuant to the Court's Case Management and Scheduling Order, dispositive motions and *Daubert* motions are due on December 1, 2025. ECF No. 91. As explained more fully below, the Court's decision on the motion to dismiss would likely

4

significantly narrow the disputed issues in this case and potentially resolve the case entirely. Filing motions for summary judgment on December 1 would require Defendants to repeat arguments raised in the motions to dismiss, and filing *Daubert* motions on December 1 would likewise risk requiring the parties to brief and the Court to adjudicate arguments that a decision on the motion to dismiss could moot entirely. Defendants accordingly respectfully request that the Court stay the upcoming December 1 motion deadline and all other subsequent deadlines until the Court issues an order on the pending consolidated motion to dismiss.

## II.   LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also, e.g.*, *Kornhauser v. Comm'r of Soc. Sec.*, 685 F.3d 1254, 1257 (11th Cir. 2012) (recognizing a district "court's inherent power to manage the orderly and efficient disposition of the cases before it"). This "inherent power" includes the authority to "stay proceedings." *Andersons, Inc. v. Enviro Granulation, LLC*, 2014 WL 4059886, at *2 (M.D. Fla. Aug. 14, 2014).

Courts in this District have appropriately exercised their inherent power to delay summary judgment proceedings until after motions to dismiss are adjudicated. *See, e.g.*, Order, *Humana Inc. v. Teva Pharms. USA, Inc.*, No. 6:21-cv-00072-CEM-DCI (M.D. Fla. Apr. 11, 2023), ECF No. 226 ("This case is STAYED pending the Court's decision on the pending Motions to Dismiss and/or the pending Motion to Amend.");

Order, *May v. Lakeland Reg'l Med. Ctr.*, No. 8:09-cv-00406-VMC-AEP (M.D. Fla. Apr. 17, 2009), ECF No. 15 (extending plaintiff's time to respond to defendant's motion for summary judgment until "fifteen days after this Court has adjudicated the last of [three] currently pending motions to dismiss"). This Court has likewise stayed cases pending forthcoming decisions in the interest of judicial economy. *See, e.g.*, Order, *Ouranitsas v. Fernandez*, No. 6:23-cv-00511-PGB-RMN (M.D. Fla. Oct. 23, 2025), ECF No. 75 (staying upcoming deadlines pending resolution of motion to dismiss); Order, *Norge Holdings, LLC v. Axim USA, LLC*, No. 6:22-cv-00468-PGB-LHP (M.D. Fla. Aug. 4, 2022), ECF No. 28 (granting opposed motion for stay pending resolution of parallel suit); Order, *Barnes v. CF Med., LLC*, No. 6:21-cv-01394-PGB-RMN (M.D. Fla. Dec. 17, 2021), ECF No. 44 (granting opposed motion for stay pending potentially controlling decision in Eleventh Circuit appeal).

## III.   ARGUMENT

The Court should stay the upcoming December 1 motion deadline and all subsequent deadlines until it issues an order on the pending motion to dismiss. The Eleventh Circuit has long held that district courts should exercise their "broad discretion in managing" pretrial proceedings to minimize unnecessary "waste of judicial and private resources." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1262 (11th Cir. 2002). The court of appeals has especially stressed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved" early in a case, ideally "before discovery begins." *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308-09 (11th Cir. 2020)

(ellipsis and quotation omitted). This is so because "[a]llowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). "Failure to consider and rule on significant pretrial motions before issuing dispositive orders can be an abuse of discretion" for that reason. *Id.* at 1367.

Staying the December 1 motion deadline and subsequent deadlines pending the Court's ruling on the fully submitted motion to dismiss would powerfully serve judicial economy and conserve party resources as well. If the case proceeds to dispositive motion briefing before a ruling on the motion to dismiss has issued, Defendants will be required to repeat in their summary judgment motions arguments already before the Court in their motion to dismiss. The Court's decision on the motion to dismiss could drastically narrow its need to address particular legal arguments at summary judgment, or even resolve this case entirely—as the wave of dismissals of MSP's copycat complaints makes clear. *See supra* at 2-3. Proceeding to summary judgment on the current deadline, by contrast, would inevitably result in duplicative efforts by both the Court and the parties. The *Daubert* motions that are currently also due on December 1 are of a piece with dispositive motions: the Court's decision on the motion to dismiss could resolve or otherwise bear on issues that the parties would address in the *Daubert* motions, so staying the December 1 deadline would conserve judicial and

party resources as to those motions as well.

These benefits of a stay for the Court and the parties would come at no apparent cost. Although the Eleventh Circuit has consistently reiterated that motions to dismiss for failure to state a claim should be resolved before discovery begins, *see, e.g.*, *Isaiah*, 960 F.3d at 1308-09, courts in this District have cautioned that staying discovery "can create case management problems," *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quotation omitted). Here, the requested stay could not create those problems because the parties have completed nearly all discovery, will soon complete discovery in full, and do not seek to stay any discovery deadlines. By contrast, proceeding to summary judgment while the motion to dismiss remains pending could create case management problems and delay final resolution of this case.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay the upcoming December 1 motion deadline and all subsequent deadlines under the Case Management and Scheduling Order (ECF No. 91) until the Court decides the pending motion to dismiss.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel conferred with MSP's counsel via email about the relief requested in the motion. Counsel for MSP indicated via email response that they take no position on Defendants' motion.

Dated: November 6, 2025                                Respectfully submitted,

*/s/ Matthew Papkin*
Matthew Papkin (Bar No. 106565)
MORGAN, LEWIS & BOCKIUS LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
matthew.papkin@morganlewis.com
*Attorneys for ESI Defendants*

*/s/ Joshua J. Gayfield*
Joshua J. Gayfield (pro hac vice)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, MD 21202
jgayfield@milesstockbridge.com

*/s/ Adam P. Schwartz*
Adam P. Schwartz (Bar No. 83178)
CARLTON FIELDS, P.A.
P.O. Box 3239
Tampa, FL 33601-3239
aschwartz@carltonfields.com
*Attorneys for Chronic Disease Fund, Inc.*

*/s/ Joshua Davis*
Joshua Davis (Admitted *Pro Hac Vice*)
DENTONS US LLP
1900 K Street, NW
Washington, DC 20006
joshua.davis@dentons.com
*Attorneys for Novartis Pharmaceuticals Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2025, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to counsel for all parties of record.

*/s/ Matthew Papkin*
Matthew Papkin
